IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM RHOADES, )
                                           )
               Plaintiff, )
                                           )
v. ) Civil Action No. 3:22-cv-728–HEH
                                           )
UNITED STATES ARMY CORPS OF )
ENGINEERS, )
                                           )
               Defendant. )

**MEMORANDUM OPINION**
(Resolving Cross-Motions for Summary Judgment)

This case involves a dispute between a private citizen, William Rhoades ("Plaintiff"), proceeding *pro se*, and the United States Army Corps of Engineers ("USACE" or "Defendant"). At issue is whether Defendant has adequately responded to Plaintiff's Freedom of Information Act ("FOIA") request made on October 13, 2020. Plaintiff questioned the documentary basis of Defendant's authorization for a levee after attending a public hearing of the Virginia Marine Resource Commission in 2013, at which it announced that the state permit for the levee was never signed after it was originally proffered in 1983. He subsequently sought documents pertaining to the permit.

Specifically, Plaintiff requested that the USACE Norfolk Office provide copies of all permits proffered in 1983, a copy of permit 81-0749, and copies of correspondence between Defendant and any Records Holding Areas ("RHA") or the Federal Records Center ("FRC") regarding copies of those records. (Compl. ¶ 1, ECF No. 1; Ex. 1 to

Def.'s Mem. in Supp., ECF No. 5-1 [hereinafter, the "FOIA Request"].)[1] He now argues that Defendant failed to conduct an adequate search by unreasonably refusing to extend its inquiry to the records of the past and current owners of the property that is the subject of permit 81-0749 and to the Washington National Records Center in Suitland, Maryland ("WNRC").[2] (Compl. ¶¶ 184–86.)

This case is presently before the Court on cross-motions for summary judgment.[3] (ECF Nos. 4, 7.) Both Plaintiff and Defendant have submitted detailed memoranda supporting their respective positions, including pertinent exhibits. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. Civ. R 7(J).

A government agency's responsibility to adhere to FOIA's requirements is well settled. Challenges to agency responses fall into two typical categories: challenging the reasonableness of the search or the propriety of withholding documents. Given that no documents were located, and therefore were not withheld, this case rests on the nature of Defendant's search and whether it was adequate and in compliance.

---

[1] Plaintiff failed to attach a copy of the request to his Complaint. However, Defendant included the request as an exhibit to its Memorandum in Support of Defendant's Motion for Summary Judgment. (ECF No. 5.)

[2] The WNRC is the FRC that serves the USACE Norfolk Office; no other FRC or RHA holds records from that office. (Prisco-Baggett Decl. ¶ 6, ECF No. 5-3.)

[3] Defendant filed its Motion for Summary Judgment on December 21, 2022. (ECF No. 4.) Plaintiff filed his Motion for Summary Judgment on January 23, 2023. (ECF No. 7.)

2

For the reasons detailed below, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND

In reviewing cross-motions for summary judgment, the Court must consider each motion separately on its own merits to determine if either party deserves judgment as a matter of law. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted). In considering each motion, the Court will resolve any factual disputes and "competing, rational inferences" in the light most favorable to the opposing party. *Id.* (internal quotation marks and citation omitted). The following narrative represents the undisputed facts for the purpose of resolving the cross-motions for summary judgment.

As previously stated, on October 13, 2020, Plaintiff made the FOIA Request by email to the USACE Norfolk Office for copies of all permits proffered in 1983; any documentation of the purging, destruction, or loss of such permits; a copy of permit 81-0749; and copies of any correspondence between Defendant and any RHA or FRC regarding copies of those records.[4] (FOIA Request at 1.)

In response, Defendant initiated a search of both hard copy and electronic records. (Prisco-Baggett Decl. ¶ 6, ECF No. 5-3.) The search confirmed that Defendant did not have physical copies of any permits from 1983, consistent with its record keeping

---

[4] Plaintiff had requested documentation or information regarding permit 81-0749 on several other occasions, including from the USACE Engineer Inspector General in 2014, from the USACE Norfolk Office in 2016, and from the National Archives and Records Administration in 2020 and 2021. (Compl. ¶¶ 85, 100, 150, 177.)

3

practices prior to 1990. (*Id.* ¶ 6(a)–(b).) Likewise, Defendant was unable to locate electronic records relating to permits from that year. (*Id.* ¶ 6(a).) The sole record available was the Waterways Record of Permit Book, which contained information about permits, including those desired by Plaintiff, but not the permits themselves.[5] (*Id.* ¶ 6(b).) As to correspondence between Defendant and any relevant RHA or FRC, Defendant searched its electronic records for correspondence with the WNRC regarding any 1983 permits but found no records. (*Id.* ¶ 6(c).)

Defendant conducted a search of all areas and databases that Defendant considered likely to contain records responsive to Plaintiff's request. (*Id.* ¶ 7.) Accordingly, on November 13, 2020, Defendant informed Plaintiff that Defendant had no responsive records. (Ex. 4 to Def.'s Mem. in Supp., ECF No. 5-4.) Plaintiff administratively appealed this result on November 13, 2020, and was informed that the appeal was denied on June 1, 2022. (Ex. 5 to Def.'s Mem. in Supp., ECF No. 5-5.) Plaintiff subsequently initiated this civil action seeking judicial review of the denial of the appeal on November 18, 2022. (Compl. at 42.)

Upon being informed of Plaintiff's suit, Defendant took additional steps to confirm that the WNRC did not possess any of the responsive records that Plaintiff sought. (Prisco-Baggett Decl. ¶ 10.) This included a search of the WNRC's indexing

---

[5] Defendant had provided Plaintiff with the Waterways Record of Permit Book pages related to permit 81-0749 in response to previous requests. (Prisco-Baggett Decl. ¶ 6; *see* Ex. B to Compl., ECF No. 1-3.) The USACE considers the Waterways Record of Permit Book to be a valid documentation of issuance of permits, even in the absence of copies of the permits themselves. (Def.'s Opp'n at 3, ECF No. 9.)

system for any records submitted by Defendant between 1983 and 2013.[6] (*Id.* ¶ 11.) This search identified seven boxes that could potentially house relevant documents. (*Id.* ¶ 12.) Six of the boxes had been previously transported for permanent storage at the National Archives and Records Administration's ("NARA") College Park, Maryland, location. (*Id.* ¶ 14.) Therefore, those boxes were not under Defendant's control.[7] (*Id.*)

The remaining box was labeled with a prefix indicating that it held military construction records. (*Id.* ¶ 15.) This was confirmed by the index of the box, which only referenced construction projects at military bases in Virginia and nothing related to a privately-owned levee. (*Id.*) In Defendant's reasonable opinion, this information confirmed its previous determination that responsive records were unlikely to be found at the WNRC. (*Id.* ¶¶ 13, 16.)

## II.   STANDARD OF REVIEW

The standard of review for cross-motions for summary judgment is well-settled in the United States Court of Appeals for the Fourth Circuit:

> On cross-motions for summary judgment, a district court should "rule upon each party's motion separately and determine whether summary judgment is appropriate as to each under the [Federal Rule of Civil Procedure] 56 standard." Summary judgment is appropriate only if the record shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[6] Defendant selected 2013 as the cutoff date for the search because it had previously searched its records for submissions of the documents in 2012 and that search yielded no results. (Prisco-Baggett Decl. ¶ 11.) Therefore, Defendant reasoned that any submission would have occurred prior to 2013. (*Id.*)

[7] Plaintiff separately requested that NARA search records under its control for permit 81-0479 in 2021; the search was unsuccessful. (Compl. ¶¶ 177–78.)

5

*Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 156 (4th Cir. 2010) (alteration in original) (first quoting *Monumental Paving & Excavating, Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999), and then quoting Fed. R. Civ. P. 56(c)).

The relevant inquiry in the summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original). A material fact is one that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A genuine issue concerning a material fact only arises when the evidence, viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable trier of fact to return a verdict in that party's favor. *Id.*

To defeat an otherwise properly supported motion for summary judgment, the non-moving party must rely on more than conclusory allegations, "mere speculation or the building of one inference upon another," or "the mere existence of a scintilla of evidence" concerning a material fact. *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191

6

(4th Cir. 1997) (first quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985), and then quoting *Anderson*, 477 U.S. at 252). Accordingly, to deny a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate." *Thompson Everett, Inc. v. Nat'l Cable Advert., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). "Thus, if the evidence is 'merely colorable' or 'not sufficiently probative,' it may not be adequate to oppose entry of summary judgment." *Id.* (citing *Anderson*, 477 U.S. at 249–50). The Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. *See Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

"As a general rule, . . . FOIA determinations should be resolved on summary judgment." *Hanson v. U.S. Agency for Intern. Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). FOIA places the burden of justifying compliance on the agency, 5 U.S.C. § 552(a)(4)(B), so the questions of whether a genuine issue of material fact exists and whether the Government is entitled to judgment as a matter of law must be viewed "through the prism of [that] substantive evidentiary burden." *City of Va. Beach v. U.S. Dep't of Com.*, 995 F.2d 1247, 1252 (4th Cir. 1993) (quoting *Anderson*, 477 U.S. at 254).

### III. DISCUSSION

#### A. Failure to Extend the Search to the WNRC

In order to obtain summary judgment, Defendant must demonstrate that it "has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1246 (4th Cir. 1994) (quoting *Weisburg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To do so, it may present a "reasonably detailed [affidavit] 'setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Id.* at 1247 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see also* 5 U.S.C. § 552(a)(4)(B) ("[A] court shall accord substantial weight to an affidavit of an agency concerning the agency's determination . . . .").

To this end, Defendant has offered the declaration of Kimberly A. Prisco-Baggett, a USACE employee responsible for FOIA requests. (Prisco-Baggett Decl. ¶ 2.) Her declaration describes the steps taken by Defendant in response to Plaintiff's request, including those related to its determination to not conduct a further search of the WNRC. *See* factual narrative, *supra* Part I. By describing in detail the location and nature of the searches made—particularly of Defendant's electronic records of correspondence with FRCs—her declaration suffices to establish the character of Defendant's search. (*See* Prisco-Baggett Decl. ¶¶ 6(c), 10–15.) Consequently, this provides the Court with a basis for ruling on the search's adequacy.

Regarding correspondence with the FRC, Defendant has represented, in total, that

8

it (1) searched its electronic correspondence records for interactions with FRCs regarding all 1983 permits, including permit 81-0749 (*id.* ¶ 6(c)); (2) requested that the WNRC identify all records submitted by the USACE Norfolk Office in the relevant time frame (*id.* ¶ 11); (3) identified only a single box remaining at the WNRC that was under the USACE's control (*id.* ¶¶ 11–15); and (4) considered the likely contents of that box (*id.* ¶ 15). The result of these efforts indicated that records responsive to Plaintiff's request were unlikely to be at the WNRC, as the only records stored there from the USACE Norfolk Office were military construction documents, and thus unlikely to contain civilian permits. (*Id.* ¶ 15.)

On its face, the actions described in Defendant's evidence were reasonably calculated to uncover any responsive documents, and the decision not to further search the WNRC is logical given the low likelihood that responsive documents would be present. Plaintiff's efforts to demonstrate a genuine dispute with any of the facts material to this issue have, to date, been unavailing. Despite notice and opportunity to file a timely opposition to Defendant's Motion for Summary Judgment, Plaintiff did not submit an opposition until June 2, 2023.[8] (*See* Pl.'s Opp'n at 5, ECF No. 10.) Moreover, Plaintiff's opposition does not dispute the listing of material facts contained in Defendant's Memorandum in Support.[9] (*See id.* at 1–4.)

---

[8] On December 21, 2022, Plaintiff was served by mail with Defendant's Motion for Summary Judgment, Defendant's Memorandum in Support, and, as a *pro se* litigant, a *Roseboro* notice. (ECF Nos. 4–6.) Defendant further represents that it contacted Plaintiff directly on January 24, 2023, and confirmed that Plaintiff had received all relevant pleadings. (Def.'s Opp'n at 2 n.1.)

[9] In form, Plaintiff's Opposition is defective in failing to include a captioned section listing

9

Given Plaintiff's failure to demonstrate a genuine dispute of material facts, the Court is empowered to accept the listing of material facts in Defendant's Memorandum in Support as admitted and render judgment on that basis.[10] *See* E.D Va. Loc. Civ. R. 56(B) (allowing the Court to assume facts are admitted unless controverted in the opposition). In the absence of a genuine dispute, Defendant has demonstrated its entitlement to summary judgment in its favor. However, because Plaintiff appears *pro se*, the Court liberally construes Plaintiff's filings in order to examine the relevant arguments, even if framed imprecisely. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013).

In this light, Plaintiff offers a chain of inferences reaching the conclusion that, contrary to Defendant's determination, permit 81-0749 and other records Plaintiff seeks are likely stored at the WNRC. (Pl.'s Mem. in Supp. at 8.) The central support for Plaintiff's assertion is a 1973 NARA policy document outlining the procedure for approved disposal of the USACE records, including permits issued from 1896 to 1973. (Ex. C to Compl., ECF No. 1–4.) That policy document required that records be converted to microfilm and sent to an FRC before the originals are destroyed. (*Id.*) From that premise and the fact that Defendant has not found any permits from 1983 remaining

---

material facts that Plaintiff disputes. (ECF No. 10 at 1–4.) More critically, in substance Plaintiff's Opposition nowhere cites to the record to suggest a dispute of material facts, nor does it even offer novel factual averments of such a dispute. (*See id.*)

[10] The Court likewise recognizes that it is entitled to render judgment for Defendant given Plaintiff's failure to file his opposition in a timely manner. *See* E.D. Va. Loc. Civ. R. 7(K)(1)–(2). However, the Court chooses to address Plaintiff's arguments in the interest of fully resolving the dispute underlying this action.

at its Norfolk Office, Plaintiff infers that missing permits were likely to have been destroyed in accordance with the 1973 NARA policy and thus that microfilm records should have been stored at the WNRC. (Pl.'s Mem. in Supp. at 7; Pl.'s Statement of Material Facts ¶¶ 6–10, 18–21, ECF No. 7; Pl.'s Opp'n at 3.)

However, on summary judgment, "mere speculation or the building of one inference upon another" will not suffice to rebut Defendant's evidence. *Stone*, 105 F.3d at 191 (quoting *Beale*, 769 F.2d at 214). Moreover, Defendant's evidence speaks directly to this issue. Specifically, Defendant acknowledges its record keeping practice was to only retain a Waterways Record of Permit Book for permits issued before 1990, which it considers adequate documentation of the permits.[11] (Prisco-Baggett Decl. ¶¶ 6(a)–(b).)

Plaintiff's final argument on this issue is that Defendant's search was inadequate as a matter of law because the search of the WNRC was only electronic, not manual. (Pl.'s Opp'n at 3.) For this proposition, Plaintiff cites only to the statutory definition of search including both electronic and manual means. (*Id.*) In effect, Plaintiff invites this Court to read "reasonably" out of the requirement to perform a "search reasonably calculated to uncover all relevant documents," *Ethyl Corp.* 25 F.3d at 1246 (quoting *Weisburg*, 745 F.2d at 1485), and instead impose a duty on Defendant to exhaustively search all locations and all records, however unlikely it may be for them to contain

---

[11] Plaintiff attributes great weight to Defendant's failure to produce documentation or authorization to destroy permits in the manner described. (Pl.'s Statement of Material Facts ¶¶ 6–10, 18–21; Pl.'s Opp'n at 3–4.) However, FOIA "does not provide a remedy for 'destruction of documents.'" *Turner v. United States*, 736 F.3d 274, 283 (4th Cir. 2013) (quoting *Inmann v. Comm'r*, 871 F. Supp. 1275, 1277 (E.D. Cal. 1994)). The legality of Defendant's record keeping practices is not at issue when considering a search's adequacy.

11

responsive records.

Not only would such an imposition lack a basis in law, but it would also require upsetting the considered balance between the public's interest in freedom of information and the Government's interest in husbanding resources struck by Congress and the Judiciary in crafting and interpreting FOIA. *See, e.g.*, *EPA v. Mink*, 410 U.S. 73, 80 (1973) (quoting S. Rep. No. 89-813, at 3 (1965)) ("[I]t was not 'an easy task to balance the opposing interests, but it is not an impossible one either. . . . Success lies in providing a workable formula which encompasses, balances, and protects all interests, yet places emphasis on the fullest responsible disclosure.'"). The Court declines this invitation.

The other facts and arguments asserted by Plaintiff are not germane to the issue of the adequacy of Defendant's search in relation to the WNRC. (*See* Pl.'s Statement of Material Facts ¶¶ 1–5, 11–17, 22.) As such, even liberally construing Plaintiff's filings, there is no genuine dispute of material facts regarding the character of Defendant's search. Defendant has met its burden of demonstrating the adequacy of its search and therefore is entitled to summary judgment on Plaintiff's claim regarding the failure to further search the WNRC. Plaintiff's inferential and speculative reasoning falls short of overcoming Defendant's demonstrated entitlement and similarly fails to substantiate any basis for judgment for Plaintiff as a matter of law.

### B. Government's Failure to Require the Past and Current Owners of the Property to Provide Records

Plaintiff asserts that an additional possible location of a copy of permit 81-0749 is in the past and current property owners' personal possession. (Pl.'s Mem. in Supp.

at 5–6.) As such, Plaintiff maintains that Defendant failed to meet its FOIA requirements by refraining from requiring the past and current owners to provide any such documentation. (*Id.* at 6.)

No matter how likely it may be for an owner of that property to have such a record, there is simply no legal requirement for Defendant to search private records in response to a FOIA request. FOIA applies strictly to records under the control of the agency to which the request is made. *See* 5 U.S.C. § 552(a)(4)(B); *Ethyl Corp.*, 25 F.3d at 1247 (citing *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144–45 (1989)). The Court has the authority to "enjoin the agency from withholding *agency* records and to order the production of *agency* records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added).

There is no authority under FOIA for the Court to compel Defendant to acquire records outside its control, and certainly no authority for Defendant to demand anything of a private citizen in response to a FOIA request.[12] As such, even liberally construing Plaintiff's filings, Plaintiff's allegation regarding the failure to require the past and current owners to provide records has no basis in law and Defendant is also entitled to summary judgment as to this issue.[13]

---

[12] Plaintiff explicitly concedes that "the Agency cannot *require* that a 'private citizen' . . . produce a record requested under FOIA." (Pl.'s Opp'n at 2 (emphasis in original).)

[13] The balance of Plaintiff's arguments and representations seem directed not at Defendant's compliance with the FOIA Request, but with Defendant's adherence to proper permitting procedure in 2013. (*Id.*) Accordingly, a civil action initiated under FOIA is an inappropriate venue for pursuing such allegations.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment without prejudice. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 13, 2023
Richmond, Virginia